THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-00094-F

| | | |
|---|---|---|
| MARLON J. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| MARY C.W. GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* [DE-2] and for frivolity review under 28 U.S.C. § 1915. Plaintiff's application indicates that he is incarcerated at FMC Butner. However, Plaintiff has failed to submit a prisoner account statement, which is required in addition to the application.

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Accordingly, Plaintiff's application should be denied for failure to comply with the statutory requirements to proceed *in forma pauperis*. Additionally, even if Plaintiff were entitled to proceed *in forma pauperis*, his complaint would not survive frivolity review. Therefore, it is **RECOMMENDED** that this action be **DISMISSED** for lack of jurisdiction and that the application to proceed *in forma pauperis* [DE-2] be **DENIED AS MOOT**.

## DISCUSSION

The Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). After careful review of Plaintiff's proposed complaint, and giving due consideration to his *pro se* status, the undersigned concludes that the proposed complaint fails to state a claim upon which relief may be granted.

Plaintiff brought this action against his former spouse to enforce his parental rights. He alleged in his proposed complaint that a separation agreement was executed at "US Army Ft. Bragg, North Carolina in 1998," but has never been honored and that his former spouse will not permit him to visit or talk to his children. Compl. at 1 [DE-1]. Plaintiff believes that his former spouse resides in Richmond or Augusta, Georgia and provided her last known address in Fort Gordon, Georgia, but did not prepare a summons.

With respect to his request to enforce his parental rights, despite an allegation of diversity jurisdiction, there is a "long established precedent that federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters." *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006). There appears to be no federal question at issue that would justify the Court's exercise of jurisdiction over this apparent child custody dispute. Thus, the Court lacks jurisdiction over Plaintiff's claim to enforce his parental rights.

## CONCLUSION

It is **RECOMMENDED** that this action be **DISMISSED** for lack of jurisdiction and that the application to proceed *in forma pauperis* [DE-2] be **DENIED AS MOOT**.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 13th day of March, 2012.

DAVID W. DANIEL
United States Magistrate Judge